UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MERNI TURNER STRINGFELLOW,**

   **Plaintiff,**

v.                                                                              Case No: 5:23-cv-306-TJC-PRL

**PAUL JAY CARPENTER, PJ CARP TRANSIT, LLC and ERIC LNU,**

   **Defendants.**

### ORDER

Plaintiff, Merni Turner Stringfellow, who is proceeding *pro se*, filed this purported action against Paul Jay Carpenter, PJ Carp Transit, LLC, and Eric (no last name provided). (Doc. 1). Plaintiff seeks to proceed *in forma pauperis* (Doc. 2). For the reasons explained below, Plaintiff's motion to proceed *in forma pauperis* will be taken under advisement, and in an abundance of caution, Plaintiff will be given an opportunity to amend the Complaint.

   **I.   Legal standards**

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or … seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction, therefore, is a threshold inquiry that a court is required to consider before addressing the merits of any claim, and may do so *sua sponte* (that is, on its own). *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue *sua sponte*); *cf. Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). If a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**II.  DISCUSSION**

Plaintiff's complaint (Doc. 1) uses the standard form to allege unintelligible claims against the defendants. According to Plaintiff, this action arises "during COVID, [when her] . . . fiancé his attorney and co-habitant and business partner [sic] filed fraudulent paperwork claiming that we were casually dating after four years of engagement and business association and I was denied the right to a jury trial and evicted falsely[.]" (Doc. 1 at 4).

**A. Subject-Matter Jurisdiction**

As an initial matter, it appears that the Court lacks subject-matter jurisdiction over this action. Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Diversity of citizenship jurisdiction requires that the action be "between

... citizens of different States...." 28 U.S.C. § 1332(a)(1). A "plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005). Plaintiff has alleged that she and Defendants are citizens of Florida, and thus, there is not complete diversity. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (ruling diversity of citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant). Moreover, Plaintiff has failed to allege any facts suggesting that the amount in controversy exceeds the requisite $75,000.00. Indeed, Plaintiff alleges that this is an action for $74,999.00. (Doc. 1). Accordingly, diversity of citizenship jurisdiction does not exist.

    Next, federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978). Here, while Plaintiff's complaint checks the "[f]ederal question" box for the basis of this Court's jurisdiction, the complaint fails to allege or implicate a federal statute or the United States Constitution. 28 U.S.C. § 1331. Notably, in completing the line for "[i]f the [b]asis for [j]urisdiction [i]s a [f]ederal [q]uestion[,]" Plaintiff writes "my business and I were denied the request for a jury trial on the initial hearing and at the emergency hearing Marion County Fifth District 0651-2021[.]" (Doc. 1 at 3). Plaintiff also provides a case number for the proceedings in the Fifth District, Marion County, Florida Court. *Id.* However, these allegations and the rest of the complaint fail to implicate a federal statute, treaty, or the United States Constitution for purposes of federal question jurisdiction.

    Accordingly, it appears that the Court lacks subject-matter jurisdiction over this action.

### B. Abstention Under *Younger* and *Rooker-Feldman* Doctrines

Next, subject-matter jurisdiction is also implicated under the *Rooker-Feldman* and *Younger* doctrines.[1] This Court must raise the issue *sua sponte* when it appears that either doctrine instructs abstention from reviewing the state court proceedings at issue. *See Owens v. Cypress Park Garden Homes I*, No. 8:22-cv-1099-KKM-JSS, 2022 U.S. Dist. LEXIS 88205, at *3 (providing that *sua sponte* remand under the *Rooker-Feldman* doctrine is appropriate) (citation omitted); *see also Hirsch v. 18th Jud. Cir. Ct. of Fla.*, No. 6:21-cv-1920-CEM-LHP, 2022 U.S. Dist. LEXIS 95627, at *16 (M.D. Fla. May 27, 2022) (remanding *sua sponte* an appeal from ongoing state court foreclosure proceedings under the *Younger* doctrine) (citation omitted). Facially, it is unclear whether the *Younger* doctrine or the *Rooker-Feldman* doctrine applies, but it seems that at least one requires this Court abstain from hearing this case.

This Court lacks jurisdiction to intervene in Plaintiff's ongoing state court proceedings. Under *Younger* and its progeny, district courts are instructed to "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. v. Tillis Trucking Co., Inc.,* 124 F.3d 1258, 1261 (11th Cir. 1997) (explaining that *Younger* abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings). "*Younger* and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases—already pending in state court—free from federal court interference." *Butler v. Ala. Jud. Inquiry Comm'n*, 245 F.3d 1257, 1261 (11th Cir. 2001). "[T]he Younger doctrine … prevent[s] federal courts from

---

[1] The *Rooker-Feldman* doctrine comes from the United States Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Younger* doctrine comes from *Younger v. Harris*, 401 U.S. 37 (1971).

being the grand overseers of state courts and court-like administration." *Wexler v. Lepore*, 385 F.3d 1336, 1341 (11th Cir. 2004).

In determining the applicability of this doctrine, the Court asks three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Child. v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). If the answer to those inquiries is "yes," then federal courts must abstain from intervening in ongoing state court proceedings.

Moreover, if a final judgment is entered in the state court before this matter is resolved, this Court will dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. This doctrine "limits . . . the subject matter jurisdiction of federal district courts . . . over certain matters related to previous state court litigation." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001). It precludes "lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (citation and internal quotation marks omitted). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If Plaintiff fails to appeal her judgment in state appellate court this Court "cannot review or reject" it. *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). Ultimately, "this Court has no jurisdiction to relieve' [Plaintiff] of the underlying state court judgment, and [she] 'cannot challenge the state court's final decision in the proceeding

without running afoul of the *Rooker-Feldman* doctrine." *See Hirsch*, 2022 U.S. Dist. LEXIS 95627, at *14 (citing *Fremont Inv. & Loan Co. v. Bedasee*, No. 2:16-cv-740-FtM-99CM, 2016 WL 5816050, at *3 (M.D. Fla. Oct. 5, 2016)).

While doubtful Plaintiff will be able to allege viable claims that this Court has jurisdiction over, out of an abundance of caution, the Court will provide Plaintiff with an opportunity to file an amended complaint to clarify her claims and the subject-matter jurisdiction for them. Plaintiff must provide the Court with sufficient information and in a coherent manner so that it can perform the review required under § 1915. The amended complaint must clearly state the legal theory or theories upon which Plaintiff seeks relief and explain with factual allegations how defendant(s) are responsible. Plaintiff should carefully consider whether she can allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions.

### III.   CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2), is **TAKEN UNDER ADVISEMENT**, and Plaintiff shall have until **June 30, 2023**, to file an amended complaint. The amended complaint must comply with all pleading requirements contained in Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure as well as those contained in the Local Rules of the Middle District of Florida. Failure to comply with this Order may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Local Rule 3.10.

Further, Plaintiff is cautioned that despite proceeding *pro se*, she is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website

(http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled Guide for Proceeding Without a Lawyer, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on June 2, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties